

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

SANDRA L. GWOREK, on behalf of herself
and others similarly situated, et al,

                                        Plaintiffs,        Case No.: 1:24-cv-00679 (JLS)

- against -

WYOMING COUNTY, NEW YORK, et al,

                                        Defendants.

---

## JOINT STIPULATED ORDER OF OPT OUT AND WAIVER

**WHEREAS**, it is mutually agreed between the parties that Jacob Stockweather (the "Plaintiff") as potential class action member in the above-captioned class action does hereby waive and opt out of any claims to recovery on the basis as set forth herein from and in connection with the above captioned consolidated class action matters pursuant to Federal Rules of Civil Procedure [FRCP] Rule 23(c)(3)(B);

**WHEREAS**, based on the recent passage of Chapter 55 of the Laws of 2024 (Assembly Bill A8805C and Senate Bill S8305C) signed by Governor Hochul on April 20, 2204, representing the legislative intent to amend Article 11 of the New York Real Property Tax Law ("RPTL") in response to the decision *Tyler v. Hennepin Cnty., Minnesota*, 598 U.S. 631 (2023) and to legislatively resolve the related political question issues, the parties have agreed and hereby stipulate that all constitutional claims are hereby waived as related to any claims that Plaintiff may have in any class action asserted against the County of Wyoming (the "County") with the intended effect as set forth under FRCP 41(a)(1)(B);

432775\4908-8235-5477\.v1

**WHEREAS**, Plaintiff, Jacob Stockweather, after filing an application for tax surplus funds under the newly amended Article 11 of the RPTL, has established that he is entitled to receive an amount yet to be determined, from the County, and a New York State Justice has executed an Order (attached as "**Exhibit A**") relating to the subject property: <u>6 Elm Street, City of Attica, New York with Tax Map No.:  6.11-2-25</u>, and as such, the Plaintiff acknowledges receipt of all funds that he is entitled to under the applicable laws of this State and hereby waives and opts out of any recovery from any class action as referenced above;

**WHEREAS**, the undersigned parties and counsel understand and agree that the voluntary waiver and opting out of Plaintiff's asserted constitutional and other related state claims, as set forth in the above captioned class actions referenced above, wherein Plaintiff is an eligible class member, such opting out and waiver is with prejudice by Plaintiff, as evidenced by Plaintiff's election to pursue available remedies under the newly amended New York RPTL and shall preclude such Plaintiff from seeking relief in any proceeding except the proceeding identified by the Index No. 52292, including that such Plaintiff shall be precluded from participating in any class action pursuant to Federal Rule of Civil Procedure 23, class arbitration, state-court class action, or any other type of class action - whether resolved by judgment or settlement - seeking the same or similar relief as this action.

Dated: January 31, 2025

By: *H. Todd Bullard*
H. Todd Bullard, Esq.
Steven P. Nonkes, Esq.
Neal L. Slifkin, Esq.
**Harris Beach Murtha Cullina PLLC**
*Attorneys for Defendant Chautauqua County*
99 Garnsey Road
Pittsford, New York 14534
Telephone: (585) 419-8800

Dated: January 31, 2025

By: *Thomas A. Steffan*
Thomas A. Steffan, Esq.
Cooke and Steffan, Attorneys
*Attorneys for Potential Non-Named Plaintiff Class Member [Stockweather]*
13132 Main Street
Alden, New York 14004
Telephone: (716) 937-9111

**SO, ORDERED**

_____
Hon. John L. Sinatra, Jr.
U. S. District Judge

Dated: April 9, 2025

24-cv-679
opt-out

3

# **EXHIBIT A**

At a *Special Term* of the Supreme Court of the State of New York held in and for the County of Wyoming located at 147 North Main Street, Warsaw, New York on this 7 day of March, 2025

PRESENT:   HON. Keith D. Kibler, J.S.C.
           Supreme Court Justice Presiding

**STATE OF NEW YORK**
**SUPREME COURT          WYOMING COUNTY**

| | |
|---|---|
| IN THE MATTER OF THE FORECLOSURE OF TAX LIENS BY PROCEEDING IN REM PURSUANT TO ARTICLE 11 THE REAL PROPERTY TAX LAW BY THE COUNTY OF WYOMING RELATING TO THE 2020 TOWN AND COUNTY TAX | **STIPULATED ORDER FOR DISTRIBUTION**  Index No.: 52292 |

**UPON THE FILING AND READING**, of a Motion for Surplus Monies and supporting papers filed on behalf of Jacob Stockweather (the "Claimant" or "Stockweather") and the Response Affidavit filed by Counsel for the County of Wyoming (the "County") received by the Court; and, such motion having regularly come on to be heard at a Special Term of the Court upon submission; and, the parties having conferred and agreed that a Stipulation and Order reciting certain points is necessary and desirable for various reasons including, *inter alia*, a Stipulation of Dismissal filed in a related federal action in the U.S. District Court for the Northern District of New York concerning the same tax surplus funds as and between the same parties,

**NOW**, upon reading and consideration the following papers filed and submitted by the parties in connection with the within motion and related filings with all such documents by the respective parties set forth below and upon all the prior in rem proceedings involving the former Crimmins subject property located at 6 Elm Street, Town of Attica, New York bearing Tax Map No.: 6-11.2-25 heretofore had:

435759\4924-5446-0448\.v1

**Documents submitted in connection with Claimant's Application for Surplus**

1. Notice of Motion for Surplus Monies;
2. Affirmation of Thomas A. Steffan
3. Exhibit A – Report of Sale and Certificate of Receipt of Surplus Funds;
4. Exhibit B – Notice of Claim;
5. Exhibit C – Title Search dated January 3, 2025;

**Documents Submitted by the County**

1. Bullard Response Affidavit;
2. Exhibit A – Judgment of Foreclosure; and
3. Exhibit B – Stipulated Order of Opt Out executed by counsel to be filed in related Federal Court action.

**IT IS HEREBY STIPULATED AND AGREED,** by counsel for the County of Wyoming and counsel for Claimant Stockweather, that a Stipulated Order should be issued by the Court as follows:

**ORDERED,** that the Parties agree that the failure of the Claimant to timely redeem within the statutory redemption period contained in the underlying Notice of Petition and Petition and the Claimant's default resulting in a Judgment of Foreclosure, annexed hereto as **Exhibit A,** as concerns the subject property located at 6 Elm Street, Attica, New York bearing Tax Map No. 6.11-2-25 ("the Subject Property") resulted in a valid statutory *in rem* foreclosure judgment and statutory taking by the Tax District of the County of Wyoming of the subject property for delinquent real property taxes; and, it is further

**ORDERED and DETERMINED,** that a certain Joint Stipulated Order of Opt Out and Waiver was executed by counsel and it shall be filed in federal district court for the Northern District of New York in a related federal action wherein the Claimant is a potentially named Plaintiff in a non-class action seeking recovery of tax surplus, a copy of the Joint Stipulation is annexed hereto as **Exhibit B**; and, it is further

**ORDERED,** that the Claimant agrees that the default Judgment of Foreclosure previously entered herein, as concerns the subject parcel, is valid and binding by its own terms under New York Real Property Tax Law ("RPTL") §1136, the Claimant does not contest same and Claimant agrees that the deed of vesting title in the name of the County and Treasurer's Deed of sale to a third-party post tax auction concerning the Subject Property are also valid and binding and Claimant does not contest same; and, it is further

**ORDERED,** the County of Wyoming admits receipt of Claimant's Notice of Claim for Surplus monies, post default judgment and sale, in support of the within motion filed by Claimant regarding same; and, it is further

**ORDERED,** Claimant represents that there are no known adverse claims concerning the surplus monies concerning the Subject Property herein to Claimant's knowledge Jacob Stockweather in particular and, further, that, upon Claimant's information and belief, no other actions or proceedings brought by or involving Claimant and the surplus monies herein, including bankruptcy proceedings, have been threatened and/or are now pending; and, it is further

**ORDERED,** the Parties agree that, the County, after the issuance of the Judgment of Foreclosure duly rendered and dated December 15, 2023 and entered into the Wyoming County Clerk's Office on December 18, 2023, wherein it was ordered that the premises in said judgment be conveyed to County of Wyoming or its assignee, and the County that subsequently conducted a February 3, 2024 public tax property auction which included the Subject Property and the resulting subsequent Sale and filing of a Treasurer's Tax Deed dated March 4, 2024, filed on March 6, 2024, granting title of the Subject Property to Otis Dimick; and, that said tax auction realized monies (surplus) over and above the taxes, penalties, interest and other administrative charges as allowed by law regarding the subject property; and, the County of Wyoming having thereafter filed a Consolidated Real Property Tax Auction Report of Sale under RPTL §1196;

3

and, the County Treasurer having provided notice of same to the applicant and any other interested parties of record; and, said surplus monies having been deposited into a Court & Trust custodial account as concerns the Subject Property to be held by the Wyoming County Treasurer pursuant to this Court's Order and RPTL §1197(4) pending any subsequent distribution in accordance with a further Order of this Court; and, it is further

**ORDERED,** that the Claimant and/or others, as the Court may determine from the motion papers, is/are entitled to surplus funds concerning the Subject Property for the 2024 tax auction and under the applicable provisions of the RPTL (See, generally: §1135 §1142 and §1197); and, it is hereby further,

**ORDERED,** that an Order directing disbursement of surplus funds held by the County as concerns the Subject Property should issue as such Claimant has properly established his claim to said surplus, specifically that Claimant, Jacob Stockweather, through his counsel of record, receive payment of the surplus in the approximate amount of $67,465.29 with the subtraction of any judgments and any other liens as disclosed in the Claimant's motion papers; and, Claimant does not dispute said amount; and, Claimant Stockweather agrees to hold the County harmless as to any subsequent third party claims to said funds; and, it is hereby

**ORDERED,** that based on recent amendments to the New York State Real Property Tax Law by the New York State legislation in response to issues arising from the U.S. Supreme Court holding in *Tyler vs. Hennepin County*, 598 U.S. 631 (2023), the parties hereto have mutually agreed that said distribution of the Court and Trust funds held by the County Treasurer consisting of surplus after public auction sale of County acquired property in the RPTL Article 11 *in rem* tax foreclosure process is not violative of the NY State Constitution Article VIII, Section 1, also known as the Gift & Loan Clause, as a gift to Claimant as the County lays no claim to said funds and said funds are under the recently enacted amendments to RPTL, not public monies; and, it is further

**ORDERED and DETERMINED** that the right to the tax surplus by the delinquent tax payor and other interested parties as set forth under RPTL § 1135, § 1142, and § 1197 is restored on a limited basis since such rights were extinguished by the previous Judgment of Foreclosure; and, it is hereby further

**ORDERED and DETERMINED,** that the Wyoming County Treasurer be, and is hereby, directed to pay out of the Court and Trust account held for the subject property's sale the approximate sum of $67,465.29 with the subtraction of any judgments or liens as disclosed in the Claimant's motion papers, less any applicable statutory fees under the Civil Practice Law and Rules, to the order of: Thomas A. Steffan, Esq. as attorney for Jacob Stockweather; and

**IT IS FURTHER STIPULATED AND AGREED** that facsimile or electronic copies of this Stipulation and the signatures contained hereon shall be deemed to be originals and that this Stipulation may be executed in counterparts however a certified copy of same shall be presented to the Wyoming County Treasurer to effect and process payment of said funds.

[Signature Page Follows]

Dated: Feb. 25, 2025

By: _____
Thomas A. Steffan, Esq.
**Cooke and Steffan, Attorneys**
*Attorneys for Plaintiff*
*Jacob Stockweather*
13132 Main Street
Alden, New York 14004
Telephone: (716) 937-9111

Dated: February 25, 2025

By: _____
H. Todd Bullard, Esq.
**Harris Beach Murtha Cullina PLLC**
*Attorneys for Wyoming County*
99 Garnsey Road
Pittsford, New York 14534
Telephone: (585) 419-8696

Dated: Feb. 28, 2025

By: _____
Jennifer M. Wilkinson, Esq.
Wyoming County Attorney
11 Exchange Street
Attica, New York 14011
Telephone: (585) 591-1722

The Court having reviewed the motion with supporting papers and response papers along with exhibits, all prior proceedings and the joint stipulations above heretofore had concerning the Subject Parcel; and, the Court having considered the respective stipulated positions of the parties as set forth herein; and, due deliberation having been had thereupon by the Court.

**SO, ORDERED, ADJUDGED AND DECREED**

SIGNED THIS 7th DAY OF FEBRUARY 2025
AT WYOMING COUNTY, NEW YORK

_____
Hon. Keith D. Kibler, J.S.C.
Supreme Court Justice

**ENTER:**

GRANTED
MAR 07 2025
CHIEF CLERK
WYOMING COUNTY SUPREME COURT

6

6 of 6